| | AUSA: | Matthew Roth | Telephone: | (313) 226-9186 |
|---|---|---|---|---|
| AO 91 (Rev. 11/11)  Criminal Complaint | Special Agent: | Kara Klupacs | Telephone: | (313) 202-3450 |

# UNITED STATES DISTRICT COURT

for the

### Eastern District of Michigan

United States of America
    v.

Kaylin Alexander-Rae ROSCOE

**Case: 2:19-mj-30391**
**Judge: Unassigned**
**Filed: 07-22-2019 At 04:15 PM**
**USA V ROSCOE (CMP)(CMC)**

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of _____ July 22, 2019 _____ in the county of ____ Wayne ____ in the
___ Eastern ___ District of ____ Michigan ____, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 U.S.C. § 922(g)(1) | Felon in possession of a firearm |
| 21 U.S.C. § 841(a)(1) | Possession with intent to distribute heroin |

This criminal complaint is based on these facts:

☑ Continued on the attached sheet.

_____
*Complainant's signature*

_____
*Printed name and title*

Sworn to before me and signed in my presence.

Date:  7/22/19

_____
*Judge's signature*

City and state:  Detroit, Michigan

Hon. R. Steven Whalen, U.S. Magistrate Judge
*Printed name and title*

## AFFIDAVIT FOR A CRIMINAL COMPLAINT

I, Special Agent (S/A) Kara Klupacs, being first duly sworn,

hereby depose and state as follows:

### I.   INTRODUCTION

1.     I am a Special Agent with the ATF and have been a Special

Agent since March of 2018. I am responsible for investigating violations

of firearms laws and assigned to the Detroit Field Division Group 4. I

graduated from the Federal Law Enforcement Training Center and ATF

Special Agent Basic Training. I served eight years as a federal law

enforcement officer working as a U.S. Customs and Border Protection

Officer out of the Port of Detroit and as a U.S. Secret Service Uniformed

Division Officer in Washington, DC.

2.     I base this affidavit on my personal knowledge including

witness interviews by myself and/or other law enforcement agents,

communications with others who have personal knowledge of the events

and circumstances described herein, and information gained through

my training and experience.

3.     The information outlined below is for the limited purpose of

establishing probable cause and does not contain all information known

to law enforcement regarding this investigation.

4.     I am currently conducting an investigation into violations of federal narcotics and firearm laws by a convicted felon and probationer Kaylin Alexander-Rae ROSCOE, (DOB: **/**/1993). Law enforcement conducted a criminal history check, related to ROSCOE, which indicated that, on or about June of 2018, he was convicted of felony delivery/manufacturing of a controlled substance less than 50 grams in the Third Circuit Court, Wayne County, Michigan.

5.     According to the Michigan Department of Corrections, ROSCOE is still actively on probation for the above conviction.

## II.   SUMMARY OF THE INVESTIGATION

6.     On July 22, 2019, members of ATF, Detroit Police Department (DPD), and the Michigan Department of Corrections (MDOC) executed a search warrant at 20124 Tireman, Detroit, Michigan. Agents located and detained ROSCOE in the living room. A search was conducted and the following items were located:

    a.     One Smith and Wesson, model M&P, .380 caliber semiautomatic pistol, loaded with one live round of ammunition in the chamber, located on the basement stairs;

b.    Two rounds of .380 caliber ammunition loaded in a Smith and Wesson magazine, located in the basement;

c.    Thirty six rounds of .45 caliber ammunition, located on the counter in the kitchen;

d.    Approximately seven gross grams of suspected heroin on a plate, located on the table in the kitchen near a box of plastic baggies and a razor;

e.    One knotted baggie containing approximately one gross gram of suspected heroin, located on top of the microwave in the kitchen; and

f.    Two digital scales located on the table in the kitchen.

7.    SA Michael Devantier advised ROSCOE of his Miranda Rights. ROSCOE agreed to waive his rights. He admitted to ownership of the firearm for protection and to the narcotics for personal use.

8.    Based on Affiant's training and experience, the quantity of suspected heroin recovered is consistent with distribution for retail street sales of illegal narcotics and not for personal use. Affiant bases this conclusion on the quantity of the suspected heroin that was next to the baggies and the razor. The baggies and razor are indicative of the

defendant's intent to cut the heroin, individually package the heroin, and sell the heroin.

9.    Affiant suspects that the aforementioned seized substances is heroin based on affiant's training and experience, the way the items were packaged, their close proximity to scales, razors, baggies and other items indicative of narcotics distribution, as well as ROSCOE's statements to using the heroin.

10.    ATF Special Agent David Salazar, an expert in the Interstate Nexus of firearms, advised affiant that the seized firearm was manufactured outside the state of Michigan after 1898 and therefore traveled in and affected interstate commerce.

## III.    CONCLUSION

11.    Probable cause exists that, within the Eastern District of Michigan, Kaylin ROSCOE, a prior convicted felon, knowing he was a convicted felon, did knowingly and intentionally possess a firearm, to wit: a Smith and Wesson, model M&P, .380 caliber semiautomatic pistol, in violation of 18 U.S.C § 922(g)(1).

12.    Probable causes also exists that Kaylin ROSCOE did possess

with intent to distribute heroin, in violation of 21 U.S.C § 841(a)(1).

Respectfully submitted,

Special Agent Kara Klupacs
Bureau of Alcohol, Tobacco
Firearms and Explosives

Sworn to before me and signed in my
presence on this 22nd day in July 2019

R. STEVEN WHALEN
UNITED STATES MAGISTRATE JUDGE

JUL 2 2 2019
Dated: _____